UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

STEPHEN L. SCHEIDEL,

                          Plaintiff,

            v.                                   5:09-CV-1223
                                                   (GTS/GHL)

UNITED STATES OF AMERICA,

                          Defendant.

APPEARANCES

STEPHEN L. SCHEIDEL
Plaintiff *pro se*
216 Essex Street
Syracuse, New York 13204

GEORGE H. LOWE, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

The Clerk has sent to the Court for review a *pro se* complaint submitted for filing by Plaintiff, together with an application to proceed *in forma pauperis*, a motion to appoint counsel, and a request for a three-judge panel. (Dkt. Nos. 1-4.) Plaintiff alleges that the Federal Deposit Insurance Corporation ("FDIC") wrongfully withdrew an offer of employment when a criminal background check revealed that Plaintiff had been convicted of felony embezzlement and fraud in 1992. (Dkt. No. 1.)

Section 1915(e) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[1] Thus, the

---

[1] In determining whether an action is frivolous, the court must look to see whether the complaint lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

court has a responsibility to determine that a complaint may be properly maintained in this district before it may permit a plaintiff to proceed with an action *in forma pauperis*.² *See id.* Although the court has the duty to show liberality towards *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a pro se complaint before the adverse party has been served and the parties have had an opportunity to respond, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983), there is a responsibility on the court to determine that a claim is not frivolous before permitting a plaintiff to proceed with an action *in forma pauperis*. *See e.g. Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991) (per curiam) (holding that a district court has the power to dismiss a complaint *sua sponte* if the complaint is frivolous).

Plaintiff's claims here are duplicative of several other actions that he has filed in this Court, each arising from the FDIC's withdrawn offer of employment. *Scheidel v. Federal Deposit Insurance Corp.,* No. 09-CV-0822 (GTS) (styled as *habeas* petition and dismissed on initial review as duplicative of 5:09-CV-0114) (appeal dismissed as lacking an arguable basis in law or fact); *Scheidel v. Federal Deposit Insurance Corp.*, No. 5:09-CV-0114 (GTS/GHL) (pending); *Schiedel v. Kosse*, No. 5:09-CV-1277 (awaiting initial review); *Scheidel v. Federal Deposit Insurance Corp.*, No. 5:10-CV-0223 (NPM) (dismissed with prejudice on initial review).

> As a general rule, "[w]here there are two competing lawsuits, the first suit should have priority." *First City Nat'l Bank & Trust Co. v. Simmons*, 878 F.2d 76, 79 (2d Cir.1989) (quoting *Motion Picture Lab. Technicians Loc. 780 v. McGregor & Werner, Inc.*, 804 F.2d 16, 19 (2d Cir.1986)) (alteration in original). This rule "embodies considerations of judicial administration and conservation of resources" by avoiding duplicative litigation ... *Id*. at 80. We have recognized only two exceptions to the first-filed rule: (1)

---

² Dismissal of frivolous actions pursuant to 28 U.S.C. § 1915(e) is appropriate to prevent abuses of the process of the court, *Harkins v. Eldredge*, 505 F.2d 802, 804 (8th Cir. 1974), as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327.

>   where the "balance of convenience" favors the second-filed action, see, e.g., *Motion Picture Lab. Technicians Loc. 780*, 804 F.2d at 19; *Remington Prods. Corp. v. Am. Aerovap, Inc.*, 192 F.2d 872, 873 (2d Cir.1951), and (2) where "special circumstances" warrant giving priority to the second suit, see, e.g., *First City Nat'l Bank*, 878 F.2d at 79.

*Employers Ins. of Wausau v. Fox Entertainment Group, Inc.*, 522 F.3d 271, 275 (2d Cir. 2008). Claims are duplicative if they arise from the same nucleus of fact. *See Alden Corp. v. Eazypower Corp.*, 294 F. Supp. 2d 233, 235 (D. Conn. 2003). Here, the claims are duplicative of those raised in pending case 5:09-CV-0114. Therefore, I recommend that the action be dismissed with prejudice.

**WHEREFORE**, it is hereby

**ORDERED** that Plaintiff's *in forma pauperis* application is granted;[3] and it is further

**RECOMMENDED** that Plaintiff's complaint (Dkt. No. 1) be dismissed with prejudice; and it is further

**RECOMMENDED** that Plaintiff's motions for appointment of counsel (Dkt. No. 3) and for a three-judge panel (Dkt. No. 4) be denied as moot.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court.

**FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE**

---

[3] Plaintiff should note that although the application to proceed *in forma pauperis* has been granted, Plaintiff will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

**APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a).

Dated: May 5, 2010
Syracuse, New York

George H. Lowe
United States Magistrate Judge