UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

STEPHEN L. SCHEIDEL,
                          Plaintiff,

                                                                  5:09-CV-1223
v.                                                                  (GTS/GHL)

UNITED STATES OF AMERICA,
                          Defendant.
_____

APPEARANCES:

STEPHEN L. SCHEIDEL
  Plaintiff, *Pro Se*
216 Essex Street
Syracuse, New York 13204

HON. GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

Currently before the Court in this *pro se* civil rights action filed by Stephen L. Scheidel ("Plaintiff") is United States Magistrate Judge George H. Lowe's Report-Recommendation recommending that Plaintiff's Complaint be dismissed with prejudice; that Plaintiff's pending motion to proceed *in forma pauperis* (Dkt. No. 3) be granted; and that Plaintiff's pending motion to appoint counsel (Dkt. No. 3) and letter-motion for a three-judge panel (Dkt. No. 4) be denied as moot (Dkt. No. 6). For the reasons that follow, the Report-Recommendation is accepted and adopted in its entirety; Plaintiff's Complaint is dismissed in its entirety; his motion for to proceed *in forma pauperis* is granted; and his motion to appoint counsel and letter-motion for a three-judge panel are denied as moot.

## I. RELEVANT BACKGROUND

### A. Plaintiff's Complaint

Plaintiff filed his Complaint in this action on November 2, 2009. (Dkt. No. 1.) Construed with the utmost of liberality, Plaintiff's Complaint alleges that the Federal Deposit Insurance Corporation ("FDIC") wrongfully withdrew its offer of employment to Plaintiff as a bank examiner in 2008 after a criminal background check revealed that he had been convicted of the felony of embezzlement from an employee pension fund, pursuant to 18 U.S.C. § 664, in 1992. (*See generally,* Dkt. No. 1 [Plf.'s Compl.].) Based on these factual allegations, Plaintiff asserts a host of claims under the United States Constitutions and related New York State law. For a more detailed recitation of these claims, and the factual allegations giving rise to them, the Court refers the reader to the Complaint in its entirety.

### B. Procedural History

On May 6, 2010, Magistrate Judge Lowe issued a Report-Recommendation recommending that this action against the United States of America ("United States" or "Defendant") be dismissed with prejudice pursuant to U.S.C. § 1915(e), based on his finding that the underlying claims are duplicative of those claims raised in Plaintiff's separately pending action against a federal agency, *Scheidel v. Fed. Deposit Ins. Corp.*, No. 5:09-CV-0114 (N.D.N.Y.). (Dkt. No. 6.)

On May 10, 2010, Plaintiff filed a response to the Report-Recommendation, which was docketed as an "Objection." (Dkt. No. 7.) In his response, Plaintiff argues that he made a "procedural mistake" in filing this action as a separate proceeding. (*Id.*) He explains that he made the mistake because he believed he had exhausted his right to amend his Complaint in his prior action, *Scheidel v. Fed. Deposit Ins. Corp.*, No. 5:09-CV-0114 (N.D.N.Y.). (*Id.*) As a

2

result, Plaintiff requests that the Court withdraw this action and file it as a "cross-complaint" in Case No. 5:09-CV-0114. (*Id.*)

Earlier today, the Court issued a Decision and Order in the related case of *Scheidel v. Fed. Deposit Ins. Corp.*, No. 5:09-CV-0114 (N.D.N.Y.), dismissing Plaintiff's Amended Complaint in its entirety. In that Decision and Order, the Court found, among other things, as follows: (1) Plaintiff's claim for money damages against the FDIC arising out of the FDIC's alleged violation of the *Ex Post Facto* Clause is a *Bivens* claim that is not actionable against the FDIC; (2) even if the claim were actionable, Plaintiff failed to allege facts plausibly suggesting that the FDIC violated the *Ex Post Facto* Clause; (3) Plaintiff's claim alleging a constitutional violation premised on the Fourteenth Amendment is not actionable because the FDIC is not a state actor; (4) Plaintiff's Fifth Amendment claim is a *Bivens* claim that is not actionable against the FDIC; (5) Plaintiff did not have a property right in his employment offer, nor a "Fifth Amendment right under New York State law" (or any right under federal or state law) that was violated as a result of the FDIC deeming his certificate of relief of disabilities invalid; (6) Plaintiff failed to allege facts plausibly suggesting a claim for either deprivation of future employment or interference with prospective economic advantage; (7) even if Plaintiff had alleged facts plausibly suggesting a claim for deprivation of future employment or interference with prospective economic advantage, such a claim is specifically barred by the FTCA; (8) Section 702 of the Administrative Procedure Act ("APA") does not confer jurisdiction to this Court to award Plaintiff monetary damages on his claim that the FDIC "unlawful[ly] interpret[ed]" 12 C.F.R. 336 sub part B; (9) to the extent that Plaintiff seeks relief that is not monetary, because Plaintiff's "unlawful interpretation" claim is cognizable under Section 1346(b), the FDIC "cannot be sued in its own name"; and (10) 12 C.F.R. § 336.4 is not an "unlawful" regulation.

## II.   APPLICABLE LEGAL STANDARDS

### A.   Standard of Review Governing a Report-Recommendation

When specific objections are made to a magistrate judge's report-recommendation, the Court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See* 28 U.S.C. § 636(b)(1)(C).[1] When only general objections are made to a magistrate judge's report-recommendation, the Court reviews the report-recommendation for clear error or manifest injustice. *See Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).[2] Similarly, when a party makes no objection to a portion of a report-recommendation, the Court reviews that portion for clear error or manifest injustice. *See Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) [citations omitted]; Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition [citations omitted]. After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

---

[1]   On *de novo* review, "[t]he judge may . . . receive further evidence . . . ." 28 U.S.C. § 636(b)(1)(C). However, a district court will ordinarily refuse to consider arguments, case law and/or evidentiary material that could have been, but was not, presented to the Magistrate Judge in the first instance. *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate").

[2]   *See also Vargas v. Keane*, 93-CV-7852, 1994 WL 693885, at *1 (S.D.N.Y. Dec. 12, 1994) (Mukasey, J.) ("[Petitioner's] general objection [that a] Report ... [did not] redress the constitutional violations [experienced by petitioner] . . . is a general plea that the Report not be adopted ... [and] cannot be treated as an objection within the meaning of 28 U.S.C. § 636."), aff'd, 86 F.3d 1273 (2d Cir.), *cert. denied*, 519 U.S. 895 (1996).

     **B.**     **Standard Governing Review of Plaintiff's Complaint Pursuant to 28 U.S.C. § 1915(e)**

Magistrate Judge Lowe correctly recited the legal standard governing a district court's review of complaints submitted by *pro se* plaintiffs seeking to proceed *in forma pauperis* (Dkt. No. 6, at 1-3). As a result, this standard is incorporated by reference in this Decision and Order.

**III.**    **ANALYSIS**

As an initial matter, the Court does not construe Plaintiff's response to Magistrate Judge Lowe's Report-Recommendation as an Objection for purposes of 28 U.S.C. § 636(b)(1)(C). Rather, the Court construes Plaintiff's response as a notice of voluntary dismissal of the current action pursuant to Fed. R. Civ. P. 41(a)(1)(A), conditioned on the Court's permitting Plaintiff to amend his Complaint in *Scheidel v. Fed. Deposit Ins. Corp.*, No. 5:09-CV-0114 (N.D.N.Y.), to add the United States as a Defendant in that action. As a result, the Court must review the Report-Recommendation only for clear error.

After carefully reviewing all of the papers in this action, including Magistrate Judge Lowe's Report-Recommendation, the Court concludes that Magistrate Judge Lowe's thorough Report-Recommendation is correct in all respects. (Dkt. No. 6 [Report-Recommendation].) Magistrate Judge Lowe employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. (*Id.*) As a result, the Court accepts and adopts the Report-Recommendation in its entirety for the reasons stated therein.

Having concluded that Plaintiff's Complaint is duplicative of his Amended Complaint in *Scheidel v. Fed. Deposit Ins. Corp.*, No. 5:09-CV-0114 (N.D.N.Y.), the Court must address Plaintiff's request to file a Second Amended Complaint in *Scheidel v. Fed. Deposit Ins. Corp.*, No. 5:09-CV-0114 (N.D.N.Y.), adding the United States as a Defendant in that action. After carefully considering that request, the Court denies it for five reasons.

First, as explained above in Part I.B. of this Decision and Order, earlier today the Court issued a Decision and Order dismissing Plaintiff's Amended Complaint in *Scheidel v. Fed. Deposit Ins. Corp.*, No. 5:09-CV-0114 (N.D.N.Y.). As a result, no action is pending in which Plaintiff may file a Second Amended Complaint.

Second, because Plaintiff has already filed an Amended Complaint in *Scheidel v. Fed. Deposit Ins. Corp.*, No. 5:09-CV-0114 (N.D.N.Y.), and because he has not obtained the written consent of the defendant in that action, Plaintiff must file a motion for leave to amend his Amended Complaint, attaching a copy of his proposed amended pleading and specifically identifying the proposed amendments. *See* Fed. R. Civ. P. 15(a)(2); N.D.N.Y. L.R. 7.1(a)(4). He has not done so. Moreover, even if he had done so, the Court would deny his motion as unsupported by a showing of cause, in large part due to the futility of the proposed amendment (described below). Furthermore, setting aside the futility of the proposed amendment (described below), the Court finds that the FDIC would be unduly prejudiced by such an amendment, because the FDIC has spent a significant amount of time and resources drafting a motion to dismiss, drafting a reply memorandum of law, and attending mediation.

Third, to the extent that Plaintiff seeks to add to the non-actionable claims asserted in Case No. 5:09-CV-0114 any allegations that are currently asserted in his Complaint in this action, the allegations currently asserted in his Complaint in this action would not add anything of substance to the non-actionable claims that were asserted in Case No. 5:09-CV-0114.

Fourth, the FDIC is an agency of the United States. As a result, to the extent that Plaintiff seeks, in *Scheidel v. Fed. Deposit Ins. Corp.*, No. 5:09-CV-0114 (N.D.N.Y.), to assert against the United States any claims that he has already asserted against the FDIC, those claims are futile.

Fifth, and finally, to the extent that Plaintiff seeks, in *Scheidel v. Fed. Deposit Ins. Corp.*, No. 5:09-CV-0114 (N.D.N.Y.), to assert a bill-of-attainder claim against the United States, such a claim would be futile. A bill of attainder is "a law that legislatively determines guilt and inflicts punishment upon an identifiable individual without provision of the protections of a judicial trial." *Nixon v. Admin. of Gen. Servs.*, 433 U.S. 425, 468 (1977). To show that an act is an *ex post facto* law or a bill of attainder, the act must be validly characterized as punishment in the constitutional sense. *Flemming v. Nestor*, 363 U.S. 603, 613 (1960). "In determining whether legislation which bases a disqualification on the happening of a certain past event imposes a punishment, the Court has sought to discern the objects on which the enactment in question was focused." *Flemming*, 363 U.S. at 613-14. "Where the source of legislative concern can be thought to be the activity or status from which the individual is barred, the disqualification is not punishment even though it may bear harshly upon one affected." *Id*.

Here, 12 C.F.R. § 1822(f), which provides the FDIC with the authority to enact a regulation that prohibits employment of an individual previously convicted of a felony, is not a bill of attainder because the disqualification is not punishment. *See Flemming*, 363 U.S. at 616. (noting that "the setting by a State of qualifications for the practice of medicine, and their modification from time to time, is an incident of the State's power to protect the health and safety of its citizens, and its decision to bar from practice persons who commit or have committed a felony is taken as evidencing an intent to exercise that regulatory power, and not a purpose to add to the punishment of ex-felons").[3] As a result, Plaintiff's Complaint fails to allege facts

---

[3] *See also Upshaw v. McNamara*, 435 F.2d 1188, 1189-90 (1st Cir. 1970) (noting that "the felony conviction disqualification for a police appointment, whether absolute or not, cannot be considered a bill of attainder unless it constitutes an unreasonable basis of ineligibility. . . . [and it] cannot [be] sa[id] that the commission of a felony evidenced by a conviction, is any less reasonable a basis for disabling one to serve as a policeman than to vote, . . . practice medicine, . . . or in serving in other capacities important to the public interest").

7

plausibly suggesting that 12 C.F.R. § 1822(f) is a bill of attainder.[4]

For all of these reasons, the Court denies Plaintiff's request to amend his Amended Complaint in *Scheidel v. Fed. Deposit Ins. Corp.*, No. 5:09-CV-0114 (N.D.N.Y.), to add the United States as Defendant.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Lowe's Report-Recommendation (Dkt. No. 6) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED** in its entirety; and it is further

**ORDERED** that Plaintiff's motion to proceed *in forma pauperis* (Dkt. No. 3) is granted;[5] and it is further

**ORDERED** that Plaintiff's motion to appoint counsel (Dkt. No. 3) and Plaintiff's letter-motion requesting a three-judge panel (Dkt. No. 4) are **DENIED as moot**; and it is further

**ORDERED** that Plaintiff's request to amend his Amended Complaint in *Scheidel v. Fed. Deposit Ins. Corp.*, No. 5:09-CV-0114 (N.D.N.Y.), to add as a Defendant the United States of America is **DENIED**.

The Clerk is directed to enter judgment in favor of the defendant and close this case.

---

[4] The Court notes that, for the same reasons that Plaintiff's bill-of-attainder claim against the United States of America fails, Plaintiff's bill-of-attainder claim against the FDIC fails. As a result, it would be futile to allow Plaintiff to file a Second Amended Complaint in *Scheidel v. Fed. Deposit Ins. Corp.*, No. 5:09-CV-0114 (N.D.N.Y.), asserting a bill-of-attainder claim against the FDIC.

[5] Plaintiff should note that, although his motion to proceed *in forma pauperis* has been granted, he will still be required to pay any fees that he may incur in this action, including copying and/or witness fees.

<u>The Court hereby certifies, for purposes of 28 U.S.C. § 1915(a)(3), that any appeal taken from this Decision and Order would not be taken in good faith</u>.

Dated: September 28, 2010
       Syracuse, New York

                                      Hon. Glenn T. Suddaby
                                      U.S. District Judge